**UNITED STATES of America,**
**Plaintiff,**

v.

**HINDS COUNTY SCHOOL BOARD**
**et al., Defendants.**

**Buford A. LEE et al., Plaintiffs,**

v.

**UNITED STATES of America et al.,**
**Defendants,**

v.

**Milton EVANS, Third-Party Defendant.**

**Nos. 28030, 28042.**

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1970.

David L. Norman, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for the United States.

Melvyn Leventhal, Jackson, Miss., for N. A. A. C. P.

Before BELL, THORNBERRY, and MORGAN, Circuit Judges.

PER CURIAM:

The findings of fact and recommendations of Honorable Dan M. Russell, Jr., United States District Judge, entered in Lee v. United States of America under date of May 22, 1970, appended hereto, having to do with student assignment in the Forrest County School District, are adopted and made the opinion and order of this court with the following exception.

The Earl Travillion and Central Forrest schools are paired under Judge Russell's recommendations with Earl Travillion to serve students in grades 5–8 and Central Forrest grades 1–4. The Dixie School, grades 1–8 under the school board plan, was changed to grades 1–6 by Judge Russell with grades 7 and 8 from Dixie being assigned to Earl Travillion. We change Judge Russell's modification to leave only grades 1–4 in the Dixie School which means that as in the case of Central Forrest, grades 5–8 in the Dixie zone will be assigned to Earl Travillion. This modification is in furtherance of Judge Russell's effort to stabilize the Earl Travillion school as an integral part of the school system.

It is so ordered.

## APPENDIX
## FINDINGS OF FACT AND RECOMMENDATIONS

On November 7, 1969, the Fifth Circuit Court of Appeals, in consolidated Causes Nos. 28030 and 28042, directed the immediate enforcement of permanent student and faculty assignment plans prepared by the Office of Education, Department of Health, Education and Welfare in approximately 30 school systems in the Southern District of Mississippi in order to effectuate the conversion of these school systems to unitary systems. Among these consolidated cases in the action involving the Forrest County School District, Cause No. 2034(H) on the docket of this Court. The Appellate Court retained jurisdiction for the purpose of modifying or amending its order of November 7, 1969, and further provided a procedure whereby a plan could be modified by the filing of suggested modifications with this Court, not before March 1, 1970, and with directions to this Court to make findings of fact to be referred to the Appellate Court for review and for implementation of such plan as approved for the school term beginning September 1970.

With respect to the Forrest County plan, the Appellate Court on December 15, 1969, restructured the entire student assignments, on an interim basis, and directed a hearing to be held by this Court on whether the modified plan should be continued for subsequent school terms. Prior to the HEW plan, the Forrest County Schools assigned students as follows:

| SCHOOL | CAPACITY | GRADES | RACE W | N | T |
|---|---|---|---|---|---|
| North Forrest | 510 | 1–12 | 444 | 4 | 448 |
| Rawls Springs | 180 | 1–6 | 92 | 0 | 92 |
| Petal | 1380 | 5–12 | 1372 | 18 | 1390 |
| Petal-Harvey | 720 | 1–4 | 748 | 4 | 752 |
| Sunrise | 210 | 1–6 | 170 | 0 | 170 |
| Central Forrest | 510 | 1–8 | 458 | 38 | 496 |
| Earl Travillion | 1140 | 1–12 | 0 | 955 | 955 |
| Forrest County | 450 | 9–12 | 504 | 12 | 516 |
| South Forrest | 480 | 1–8 | 407 | 31 | 438 |
| | | | 4195 | 1062 | 5257 |

The HEW plan called for the closing of Rawls Springs, assigned grades 1–4 to

North Forrest, Petal-Harvey, Sunrise, and Central Forrest, serving the students residing in those respective areas, assigned all 5–7 grade students outside the extreme southern part of the district to Earl Travillion, grades 1–8 to South Forrest, and assigned all high school students in the district to two schools, grades 8–12, residing in the north part of the district to Petal, and grades 9–12 residing in the south part of the district to Forrest County Agricultural. An examination of the enrollment under the HEW plan showed that the closing of Rawls Springs and the assignment of all high school students to two schools, Petal and Forrest County Agricultural, these students being formerly accommodated in four schools, would have resulted in over-taxing the facilities of Petal and Forrest County Agricultural Schools. The assignment of grades 5–7 to Earl Travillion of all students outside the south portion of the district would have over-flowed this school, and called for an immeasurable increase in bus transportation. This plan was not successfully implemented, and the school board sought relief from the Appellate Court.

In rejecting the HEW permanent plan the Appellate Court returned for the balance of the school year, all grade assignments to the schools as they existed prior to HEW, to be integrated on a basis of 19% negro and 81% white, except for Earl Travillion to which it assigned three grades to be composed of 350 students residing in the Earl Travillion area and overflow students from the Petal area, the racial percentages to be not less than above directed. The Appellate Court ordered Rawls Springs to remain open, and directed the opening of Dixie School for grades 1–6, serving both races in the Dixie Area. The school board's proposal to completely close the Earl Travillion school was denied. The order of December 15, 1969, further provided that whether the modified plan may be used for the 1970–71 school term will depend upon the findings and recommendations of this Court

and upon the final order of the Appellate Court. This Court notes that had all students in this district remained in attendance under the modified plan, six schools would have been over-taxed as to capacity.

On March 30, 1970, pursuant to the orders of November 7 and December 15, 1969, the school board filed with this Court a motion to modify the Appellate Court plan for the school year beginning September 1970, offering in effect a new plan which would assign all high school students, grades 9–12, to three schools, and all students in the lower grades to eight schools. The motion alleges that the school board plan has resulted from many conferences with interested groups, including a biracial advisory committee, in an effort to utilize ideas from recommendations from the entire populace, and the proposed plan incorporates the recommendation of such committee in its provision to keep the Earl Travillion school operating as a neighborhood school, although admitting there is not full accord on the geographic area this school is to serve. The motion further alleges that the school district has been severely damaged by the withdrawal of students from the public school system, resulting largely from the artificially created goals and student assignments of the current plan; that the proposed plan is designed to be a permanent plan, the adoption of which is necessary to achieve stability, gain a return of the nonattending students, and to re-establish public support for the financial and academic operation of the schools.

Following the procedure outlined in the Appellate Court's orders of November 7 and December 15, 1969, this Court ordered a hearing in Hattiesburg, Mississippi, for April 21, 1970, with notice to all parties, including the N.A.A.C.P. Legal Defense and Education Fund, Inc., heretofore permitted to intervene as amicus curiae. On April 7, 1970, N.A.A.C.P. filed with the Appellate Court a motion to intervene as parties-plaintiff on behalf of Wardell Bourn and others, alleging that the United States of Amer-

ica as third-party plaintiff no longer adequately represented their interest. Also Citizens for Local Control of Education filed a petition to intervene. Both motions were denied on April 20, 1970, by the Appellate Court, leave being given to both groups to file briefs as amicus curiae.

The United States of America, as defendant and third-party plaintiff, filed written objections to the board's proposed plan alleging that it is based on zones which tend to minimize rather than maximize desegregation, and that it would result in the over-crowding of some schools, the under utilization of the best physical facility in the district, and the use of an inadequate facility. Prior to trial, the government and amicus curiae announced that they had no objection to the plan as it pertained to the high school grades, 9–12, as the board's assignments of these students would result in unitary high schools. They further agreed to continuing in the plan all the Singleton provisions relating to desegregation of faculty and staff, transportation, majority to minority transfer policy, etc. The issues among the parties were limited to the utilization of four schools of elementary and junior high grades—Rawls Springs, Dixie, Earl Travillion and Central Forrest.

The school board plan proposes eight elementary and junior high zones, as reflected on a map attached to the plan as Exhibit "A", pairing Petal and Petal-Harvey in the Petal Zone, and assigning grades 7–8 from Rawls Springs to North Forrest. The plan assigns these students as follows:

1. PETAL SCHOOL ZONE:

   (a) *Petal Harvey Elementary School*—Grades 1–4, serving all students in the Petal Zone, 779 white and 62 black for a total of 841.

   (b) *Petal Junior High School*—Grades 5–8, serving all students in the Petal Zone, 745 white and 26 black for a total of 771.

2. SUNRISE SCHOOL ZONE:

   *Sunrise School*—Grades 1–8, serving all students in the Sunrise Zone, 192 white and 92 black for a total of 284.

3. EARL TRAVILLION SCHOOL ZONE:

   *Earl Travillion School*—Grades 1–8, serving all students in the Earl Travillion Zone, 50 white and 358 black for a total of 408.

4. CENTRAL FORREST ZONE:

   *Central Forrest School*—Grades 1–8, serving all students in the Central Forrest Zone, 356 white and 60 black for a total of 416.

5. DIXIE SCHOOL ZONE:

   *Dixie School*—Grade 1–8, serving all students in the Dixie Zone, 202 white and 18 black for a total of 220.

6. SOUTH FORREST SCHOOL ZONE:

   *South Forrest School*—Grades 1–8, serving all students in this zone, 412 white and 60 black for a total of 472.

7. RAWLS SPRINGS SCHOOL ZONE:

   *Rawls Springs School*—Grades 1–6, serving all students in this zone, with grades 7–8 from this zone being assigned to North Forrest Attendance Center, for an assignment of 102 white and no black.

8. NORTH FORREST ATTENDANCE CENTER ZONE:

   *North Forrest Attendance Center*—Grades 1–8, serving all students in this zone and additionally grades 7 and 8 from the Rawls Springs School Zone, being 320 white and 70 black for a total of 390.

The school board plan proposes three high school zones for grades 9–12, as

reflected on a map attached as Exhibit "B" and assigns students as follows:

1. NORTH FORREST ATTENDANCE CENTER ZONE:

*North Forrest Attendance Center*—Grades 9–12, serving all students in this zone, 163 white and 49 black for a total of 212.

2. PETAL HIGH SCHOOL ZONE:

*Petal High School*—Grades 9–12, serving all students in this zone, 619 white and 130 black for a total of 749.

3. FORREST COUNTY AGRICULTURAL HIGH SCHOOL ZONE:

*Forrest County Agricultural High School*—Grades 9–12, serving all students in this zone, 452 white and 116 black for a total of 568, it being understood that this school is required by law to accept assignment of students from the Hattiesburg Separate Municipal School District and other areas.

Forrest County is elongate shaped, its length approximately 40 miles, being some three times its width. Exclusive of the Hattiesburg municipal school system, not involved herein, there are currently ten schools operating in the Forrest County district. Rawls and North Forrest are in the northern part of the county, north of Hattiesburg; Petal Junior High, Petal-Harvey Elementary and Sunrise are across the Pearl River west of Hattiesburg; Central Forrest, Earl Travillion and Dixie are immediately south of Hattiesburg; and South Forrest and Forrest County Agricultural are in the far south portion of the county. The county-wide ratio of white students to black is approximately four to one.

The position of the school board was expressed through the testimony of board member, James W. Cochran. He stated that the HEW plan was unworkable because it required transporting students out of their own communities to schools in other areas for the sole purpose of achieving integration, thereby alienating parents, both white and black. Nor did the Appellate Court's modification succeed. The board's efforts to carry out both plans successively within one school term has resulted in the loss of 700 students to private schools with a total drop in enrollment of 1,000, and a loss in operating funds; and the board has lost the support of the community with the resultant failure of a bond issue election which would have provided funds for improvements and repairs necessary to all schools, and particularly for the construction of a new high school in the Dixie area. The witnesses felt that the only way to regain public support was to close Earl Travillion, but admitted until additional facilities are acquired, that the closing of this school would over-crowd others. After board meetings with several groups of patrons, including bi-racial groups, some who want to retain the Dixie School, and others who want to retain Earl Travillion, the board determined to offer the plan as presented, zoning Earl Travillion as a 1–8 grade school, and which plan has been publicized with all responses favorable. Although under the current modification, 270 white students and 80 negro students were assigned to Earl Travillion, only 97, all black, attend.

As to Rawls Springs, the HEW plan called for closing this school. The Appellate Court ordered it re-opened for grades 1–6, which is likewise the proposal of the school board. The United States of America objects to this school remaining open as there are no black students residing in this area, and consequently the school would have an all white attendance. However, the board's present recommendations of retaining North Forrest as a 1–12 grade school, in line with the Appellate Court's modification, including the 7th and 8th grade students from the Rawls area, necessitates that Rawls Springs remain open in order to house grades 1–6 for which there would be insufficient space at North Forrest. The nearest other elementary and junior high school facilities

are in the Petal area, and it is contemplated that their assignments will be at full capacity.

As to the Dixie School, the evidence showed that prior to the HEW plan, this school, due to consolidation, had not been in operation for some five years but had been closed despite the active protests of the citizens of that community. It is not listed in the HEW plan. Under the Appellate Court's modifications, this school was re-opened and currently operates as a 1-6 grade school, which the board would like to alter to a 1-8 grade school. The evidence was overwhelming that, due to the voluntary efforts of parents and patrons in the community, white and black, this school, since its operation under the Appellate Court order, has been renovated and put in good condition comparable to other schools in the system. However, it has room to accommodate only 6 grades of approximately 30 students each. The United States of America would close it as a subterfuge for avoiding the integration of whites at Earl Travillion. The Court finds that, if this school remains open as it presently is, serving grades 1-6, it will have negro attendance, and that 7-8 grade students from this area should attend Earl Travillion.

To accept the school board's proposal to separately zone the Earl Travillion School and the Central Forrest School, each serving grades 1-8, would practically assure that Earl Travillion would remain a school for blacks. Placing these schools in one zone, and pairing them by assignment grades 1-4 to Central Forrest and assigning grades 5-8 to Earl Travillion would comply with the holdings of United States v. Greenwood Municipal Separate School District, 5 Cir., 406 F.2d 1086, and Henry v. Clarksdale Municipal Separate School District, 5 Cir., 409 F.2d 682; this Court so recommends.

This Court finds that out of all the plans proposed for this school district, the student assignment plan submitted by the school board is the most satisfactory, with the exception of its proposal for the use of the Earl Travillion school. By incorporating in the plan the pairing of Earl Travillion and Central Forrest, this Court recommends the approval of the following student assignment plan:

### ELEMENTARY AND JUNIOR HIGH SCHOOLS

1. PETAL SCHOOL ZONE:

   (a) *Petal-Harvey Elementary School*—Grades 1-4, serving all students in the Petal Zone.

   (b) *Petal Junior High School*—Grades 5-8, serving all students in the Petal Zone.

2. SUNRISE SCHOOL ZONE.

   *Sunrise School:* Grades 1-8, serving all students in the Sunrise Zone.

3. EARL TRAVILLION—CENTRAL FORREST ZONE:

   (a) *Central Forrest*—Grades 1-4, serving all students in the Earl Travillion-Central Forrest Zone.

   (b) *Earl Travillion*—Grades 5-8, serving all students in the Earl Travillion-Central Forrest Zone, and 7-8 grade students from the Dixie Area.

4. DIXIE SCHOOL ZONE:

   *Dixie School*—Grades 1-6, serving all students in this zone, with 7-8 grade students to attend Earl Travillion.

5. SOUTH FORREST SCHOOL ZONE:

   *South Forrest School*—Grades 1-8, serving all students in this zone.

6. RAWLS SPRINGS SCHOOL ZONE:

   *Rawls Springs School*—Grades 1-6, serving all students in this zone, with 7-8 grade students assigned to North Forrest.

7. NORTH FORREST ATTENDANCE CENTER ZONE:

*North Forrest Attendance Center* —Grades 1–8, serving all students in this zone, and 7–8 grade students from the Rawls School area.

HIGH SCHOOLS

1. NORTH FORREST ATTENDANCE CENTER ZONE:

*North Forrest Attendance Center* —Grades 9–12, serving all students in this zone.

2. PETAL HIGH SCHOOL ZONE:

*Petal High School*—Grades 9–12, serving all students in this zone.

3. FORREST COUNTY AGRICULTURAL HIGH SCHOOL ZONE:

*Forrest County Agricultural High School*—Grades 9–12, serving all students in this zone, it being understood that this school is required by law to accept assignment of students from the Hattiesburg Separate Municipal School District and other areas.

The Court accordingly recommends that the Board's proposed Earl Travillion and Central Forrest Zones be merged into one zone, and that the school board be directed to furnish metes and bounds descriptions of the seven zones for elementary and junior high schools, and of the three zones for high schools.

Recommended and signed in duplicate, the Clerk of this Court being directed to file one signed duplicate in his office and forward the other signed duplicate to the Clerk of the U. S. Court of Appeals for the Fifth Circuit, with copies to be sent to all parties of record.

(Signed)  DAN M. RUSSELL, JR.
United States
District Judge